UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HATEM F. KHATER,

                                          Plaintiff,

                                                                    **OPINION AND ORDER**

                        - against -
                                                                    No. 16-CV-6695 (CS)

API INDUSTRIES, INC. D/B/A ALUF PLASTICS, INC.,

                                          Defendant.
------------------------------------------------------------------------x

Appearances

Hatem Khater
Paterson, New Jersey
*Plaintiff Pro Se*

Efrem Schwalb
Koffsky Schwalb LLC
New York, New York
*Counsel for Defendant*

Seibel, J.

        Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended

Complaint.  (Doc. 51.)  For the reasons set forth below, Defendant's motion is GRANTED.

I.      **BACKGROUND**

        For purposes of the motion, I accept as true the facts, but not the conclusions, as set forth

in the Second Amended Complaint.  (Doc. 50 ("SAC").)

        **A.      Facts**

        Plaintiff worked at API Industries Inc., d/b/a Aluf Plastics Inc., ("API"), from June 14,

2014 to October 9, 2015.  (SAC at 5.)  Plaintiff alleges that his supervisor, Ahmed Issa, harassed

him "constantly every day," stating that Plaintiff "need[s] to stay home and collect social

security benefits since [he is] mental and . . . do[es]n't deserve to work."  (*Id.*)  These comments

1

made Plaintiff "fe[el] very uncomfortable," and he subsequently went out on disability. (*Id.*) On January 8, 2016, Plaintiff informed API that his doctor had extended his disability for one year. (Doc. 52 ("Schwalb Decl.") Ex. B ("EEOC Charge") at 3-4.)[1] API terminated Plaintiff's employment on March 17, 2016. (*Id.* at 3.)

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 25, 2016. (SAC at 6.) There, he alleged that API terminated him because his doctor extended his disability, which he listed as a "herniated disk" and "hard time focusing on work." (EEOC Charge at 3-4.) Plaintiff also noted that he was taking medicine for a "mental condition." (*Id*. at 4.) Plaintiff received a Notice of Right to Sue from the EEOC dated June 8, 2016. (SAC at 6.)

## B.    Procedural History

Plaintiff filed his original complaint on August 24, 2016, (Doc. 1), and an amended complaint on October 31, 2016, (Doc. 14). This Court held a pre-motion conference on March 27, 2017, and granted Plaintiff leave to file a Second Amended Complaint by April 27, 2017. (Minute Entry dated Mar. 27, 2017.) In his SAC, filed April 5, 2017, Plaintiff brings one claim for a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, alleging that his employer subjected him to a hostile work environment because of his mental impairment. (SAC at 4-5.)

Defendant filed the instant motion on May 18, 2017, (Doc. 51), Plaintiff filed his opposition on May 22, 2017, (Doc. 54 ("P's Opp.")), and Defendant filed its reply on July 6, 2017, (Doc. 55). Plaintiff filed a document entitled "Motion to Deny Defendant's Motion to Dismiss" on July 11, 2017. (Doc. 56.) Plaintiff also sent numerous letters and records to the

---

[1] I may consider the EEOC Charge on this motion as discussed below.

Court throughout the course of this litigation. (*See* Docs. 6-12, 15, 17, 20, 30, 31, 33, 36, 38-39, 41-42, 45.)

## II.     LEGAL STANDARDS

### A.     Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks omitted). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

3

misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

Complaints made by *pro se* plaintiffs are to be examined with "special solicitude," interpreted "to raise the strongest arguments that they suggest," *Shibeshi v. City of N.Y.*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (emphasis and internal quotation marks omitted), and "held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted). Nevertheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and district courts "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### B.    Documents Properly Considered

When deciding a motion to dismiss, a court is entitled to consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint . . . , and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Weiss v. Inc. Vill. of Sag Harbor*, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011) (internal quotation marks omitted). To be incorporated by reference, the complaint must make "a clear, definite and substantial reference to the documents." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (internal quotation marks omitted). "A document is integral to the complaint where the complaint relies heavily upon its terms and effect. Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering limited quotation[s] from the

document is not enough." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (alteration in original) (citation and internal quotation marks omitted).

Defendant has attached three documents to its motion papers:  (1) the SAC, (Schwalb Decl. Ex. A), (2) Plaintiff's EEOC Charge, (*id.* Ex. B), and (3) a document entitled "Notice and Proof of Claim for Disability Benefits," and an email and attached letter from Plaintiff's former counsel to API, (*id.* Ex. C).  I may consider the EEOC Charge because it is described in, and integral to, the SAC.  (SAC at 6.)  Indeed, courts typically consider EEOC Charges "because they are public documents filed in state administrative proceedings, as well as because they are integral to plaintiff's claims." *Morris v. David Lerner Assocs.*, 680 F. Supp. 2d 430, 436 (E.D.N.Y. 2010); *see Szuszkiewicz v. JPMorgan Chase Bank*, 12 F. Supp. 3d 330, 334 (E.D.N.Y. 2014).  I may not consider the documents attached as Exhibit C to the Schwalb Declaration because they are not integral to nor referenced in the SAC.

Plaintiff requested in his opposition papers that the Court consider the documents he previously submitted to the court, including medical records.  (P's Opp. at 2.)  Plaintiff submitted twenty-one additional documents to the Court between the time he filed his complaint and July 11, 2017, including medical records, forms from Plaintiff's insurance company, correspondence with his employers, and narratives regarding his alleged mistreatment.  (*See* Docs. 6-12, 15, 17, 20, 30, 31, 33, 36, 38-39, 41-42, 45, 56.)  A court may consider papers a *pro se* Plaintiff submits in opposition to a motion to dismiss so long as they are consistent with the allegations in the complaint.  *Crum v. Dodrill*, 562 F. Supp. 2d 366, 373-74 & n.13 (N.D.N.Y. June 4, 2008); *see Goldson v. Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP*, No. 13-CV-2747, 2014 WL 4061157, at *3 (S.D.N.Y. July 11, 2014) ("When a plaintiff is proceeding *pro se*, the Court also may rely on any opposition papers in assessing the legal sufficiency of the plaintiff's claims."),

*adopted by*, 2014 WL 3974584 (S.D.N.Y. Aug. 13, 2014); *Sommersett v. City of N.Y.*, No. 09-CV-5916, 2011 WL 2565301 (S.D.N.Y. June 28, 2011) ("[W]here a *pro se* plaintiff has submitted other papers to the Court, such as legal memoranda, the Court may consider statements in such papers to supplement or clarify plaintiff's pleaded allegations.") (internal quotation marks omitted).  Thus, given "the mandate that a *pro se* plaintiff's complaint be construed liberally," I will consider all documents Plaintiff has submitted to the Court.

### C.      Exhaustion of Administrative Remedies

Defendant argues that Plaintiff has not exhausted his administrative remedies because the allegations in his SAC are not reasonably related to those in his EEOC Charge.  (D's Mem. at 7.) Before a plaintiff may bring suit in federal court, he must exhaust his administrative remedies by filing his claims with the EEOC or a similar state agency.  *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010).  "Claims not raised in an EEOC complaint, however, may be brought in federal court if they are 'reasonably related' to the claim filed with the agency." *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006).

> A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made.  In this inquiry, the focus should be on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving.  The central question is whether the complaint filed with the EEOC gave that agency adequate notice to investigate discrimination on both bases.  The 'reasonably related' exception to the exhaustion requirement is essentially an allowance of loose pleading and is based on the recognition that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims he is suffering.

*Id.* (alterations and internal quotation marks omitted); *see Deravin v. Kerik*, 335 F.3d 195, 200-02 (2d Cir. 2004); *Carlson v. Geneva City Sch. Dist.*, 679 F.  Supp. 2d 355, 378 (W.D.N.Y. 2010); *Szuszkiewicz*, 12 F. Supp. 3d at 340.

In the specific context of hostile work environment claims, "to properly exhaust [such a] claim, a plaintiff must actually allege a hostile work environment claim in his EEOC Charge." *Levitant v. Hilt N.Y. Waldorf*, No. 10-CV-4667, 2012 WL 414515, at *7 (S.D.N.Y. Feb. 6, 2012). Articulating a disparate treatment or race discrimination claim on an adverse employment action theory "will not exhaust a hostile work environment claim." *Wright v. N.Y.C. Off-Track Betting Corp.*, No. 05-CV-9790, 2008 WL 762196, at *3 (S.D.N.Y. Mar. 24, 2008) (collecting cases); *see, e.g.*, *McCray v. N.Y.C. Police Dep't*, No. 99-CV-7035, 2008 WL 207845, at *1 n.2 (E.D.N.Y. Jan. 24, 2008) (hostile work environment claim "not reasonably related to or implicit in [plaintiff's] EEOC complaint regarding" alleged discriminatory suspension and termination); *Smith v. Consumer Credit Counseling Servs. of Cent. N.Y.*, No. 03-CV-1033, 2005 WL 1842859, at *5 (N.D.N.Y. Aug. 1, 2005) (EEOC charge for racial discrimination will not support a claim for racial harassment); *Ige v. Command Sec. Corp*, No. 99-CV-6916, 2002 WL 720944, at *6 (E.D.N.Y. Mar. 12, 2002) (disparate treatment allegations in EEOC complaint not reasonably related to hostile work environment claim). "[A] single act of discrimination is not sufficient to exhaust a plaintiff's remedies for a hostile work environment claim." *Vaughn v. Empire City Casino at Yonkers Raceway*, No. 14-CV-10297, 2017 WL 3017503, at *13 (S.D.N.Y. July 14, 2017) (collecting cases).

Plaintiff's EEOC Charge alleged discrimination based on his employer terminating him rather than providing long-term disability benefits. Specifically, the charge states that shortly after Plaintiff notified API that his doctor had extended his disability, API terminated him. (EEOC Charge at 3.) The charge does not refer to any harassment or ongoing discrimination that could reasonably lead to an investigation of a potential hostile work environment. Indeed, Plaintiff put the date his employment was terminated as the sole date of the discrimination in his

7

EEOC Charge. *See Mathirampuzha v. Potter*, 548 F.3d 70, 76-77 (2d Cir. 2008) (single act of discrimination insufficient to be reasonably related to allegations of retaliation); *Szuszkiewicz*, 12 F. Supp. 3d at 341 (allegation in EEOC charge that discrimination based on termination of employment on specific date would not reasonably have led investigator to investigate claims for hostile work environment). Because Plaintiff's claim in his EEOC Charge that Defendant terminated him after he extended his disability "rel[ies] on different facts and embod[ies] [a] different legal theor[y]" than the hostile work environment claim in the SAC, "an investigation into the former could not reasonably be expected to grow into an investigation of the latter." *Smith*, 2005 WL 1842859, at *5 (internal quotation marks omitted).

Plaintiff argues that his failure to exhaust should be forgiven because he "experienced loss of thought and had no knowledge of what he wrote in the EEOC complaint." (P's Opp. at 1.) But even though the Court must consider a *pro se* plaintiff's complaint with "special solicitude," *Shibeshi*, 475 F. App'x at 808, "[t]he administrative exhaustion requirement applies to *pro se* and counseled plaintiffs alike," *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015). "The purpose of this exhaustion requirement is to give the administrative agency the opportunity to investigate, mediate, and take remedial action." *Id.* (internal quotation marks omitted). "[T]he purpose of the notice provision 'would be defeated if a complainant could litigate a claim not previously presented to and investigated by the EEOC.'" *Vlad-Berindan v. LifeWorx, Inc.*, No. 13-CV-1562, 2014 WL 1682059, at *9 (E.D.N.Y. Apr. 28, 2014) (quoting *Butts v. City of N.Y. Dep't of Housing*, 990 F.2d 1397, 1401 (2d Cir. 1993)), *aff'd*, 599 F. App'x

415 (2d Cir. 2015) (summary order). Despite Plaintiff's impairment,[2] he may not be relieved of his obligation to exhaust his administrative remedies.

At this stage in the litigation, Plaintiff may not file a new EEOC Charge to cure this deficiency. While a "charge may be amended to cure technical defects or omissions, . . . when a right to sue letter" has been issued, when – as here – "a suit has been instituted and the EEOC has closed its file, there is no longer a charge pending before the EEOC which is capable of being amended." *Shapiro v. AOE/Ricoh, Inc.*, No. 96-CV-7274, 1997 WL 452026, at *2 (S.D.N.Y. Aug. 7, 1997) (internal quotation marks omitted). Moreover, an ADA claim is time-barred in New York if the aggrieved person fails to file an administrative charge raising the alleged discrimination with the EEOC within 300 days of the alleged unlawful employment practice. *See Predun v. Shoreham-Wading River Sch. Dist.*, 489 F. Supp. 2d 223, 227 (E.D.N.Y. 2007). Plaintiff's employment was terminated on March 17, 2016, (EEOC Charge at 3), so all instances of harassment that could amount to a hostile work environment claim would have occurred prior to that date, which was more than 300 days ago. Accordingly, however sympathetic Plaintiff's case may be, his claim must be dismissed because he neglected to exhaust his administrative remedies.[3]

## III.   LEAVE TO AMEND

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory

---

[2] The Court assumes for purposes of this discussion that Plaintiff in fact suffered a "loss of thought" at the time he filed his EEOC Charge, but notes that that Charge is perfectly coherent.

[3] In light of this disposition, I need not discuss Defendant's remaining arguments.

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff has already amended his complaint twice, (Docs. 14, 50), and the failure to exhaust administrative remedies cannot be cured at this stage. Accordingly, the Court declines to grant leave to amend *sua sponte*. *Fogle v. Monroe Cty.*, 831 F. Supp. 2d 602, 607 (W.D.N.Y. 2011) (leave to amend would be futile due to failure to exhaust administrative remedies); *Herbert v. Delta Airlines*, No. 12-CV-1250, 2014 WL 4923100, at *5 (E.D.N.Y. Sept. 30, 2014) (denying leave to amend as futile because plaintiff did not exhaust administrative remedies).

## IV.  CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.[4]  The Clerk

of Court is respectfully directed to terminate the pending motions, (Docs. 37, 51), and close the

case.

**SO ORDERED.**

Dated: December 19, 2017
        White Plains, New York

_____
        CATHY SEIBEL, U.S.D.J.

---

[4] Plaintiff has also requested the assistance of pro bono counsel.  (Doc. 37; *see* Doc. 44.)  Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases.  *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).  Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel.  *See Palacio v. City of N.Y.*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).  The standards governing the appointment of counsel in *pro se* cases were set forth by the Court of Appeals in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986).  Collectively, these cases stand for the principle that the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.  Because Plaintiff failed to exhaust his administrative remedies, "his petition is obviously not likely to be of substance, and thus he does not meet one of the threshold requirements for receipt of court-appointed counsel." *Prestol v. Hoke*, No. 88-CV-2652, 1989 WL 37670, at *2 (S.D.N.Y. Apr. 11, 1989) (citation and internal quotation marks omitted); *see Nevarez v. Artuz*, No. 99-CV-2401, 2000 WL 718450, at *6 (S.D.N.Y. June 5, 2000) (unexhausted claim not "likely to be of substance") (internal quotation marks omitted).  Accordingly, Plaintiff's request is denied.